IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MANKENGO VERNON MWALUMBA,** ) | |
| Movant, ) | |
| vs. ) | No. 3:19-CV-49-S-BH |
| ) | |
| **UNITED STATES OF AMERICA,** ) | Referred to U.S. Magistrate Judge |
| Respondent. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241, received on January 7, 2019 (doc. 3), should be **DISMISSED** for lack of jurisdiction.

### I. BACKGROUND

Mankengo Venron Mwalumba (Petitioner), a federal pretrial detainee incarcerated in Stafford County DOC, challenges his pretrial detention on criminal charges in *United States v. Mwalumba*, No. 1:18-CR-63-L (D. N.H.) The respondent is the United States of America (Government).

Petitioner contends that as part of a plea agreement in *United States v. Mwalumba*, No. 3:98-CR-378-K (N.D. Tex.), the Government agreed not to proceed with a revocation of citizenship. (Doc. 3 at 1-2.) He claims that the Government breached that agreement, and his United States citizenship was revoked in *United States v. Mwalumba*, No. 3:08-CV-2088-G (N.D. Tex. Mar. 31, 2010). (Doc. 3 at 2-4, 25.) If not for the breach of the agreement not to seek revocation of his citizenship, he contends, he would not be facing charges of lying on a passport application in No. 1:18-CR-63-L. (Doc. 3 at 4-5.) As a result, he claims that his pretrial detention on those charges

is illegal, and he seeks to be released.[1] (*Id*. at 5.)

## II. JURISDICTION

To entertain a § 2241 habeas petition, a court must have jurisdiction over the prisoner or his custodian upon filing of the petition. *Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001); *United States v. Gabor*, 905 F.2d 76, 77 (5th Cir. 1990); *Blau v. United States*, 566 F.2d 526, 527-28 (5th Cir. 1978). Jurisdiction over a § 2241 petition is in the district in which the petitioner is incarcerated. *Lee v. Wetzel*, 244 F.3d at 373. The petitioner is presently confined in Stafford County DOC in Dover, New Hampshire (doc. 3 at 6), which is within the District of New Hampshire. 28 U.S.C. § 109. This Court therefore lacks jurisdiction to entertain his § 2241 petition. *See Lee v. Wetzel*, 244 F.3d at 373-74. The petition should not be transferred to the United States District Court for the District of New Hampshire, because he has an identical petition pending in that court in No. 1:19-CV-32-L (D. N.H.).

## III. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 31st day of January, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] By judgment entered on January 28, 2019, Petitioner was acquitted in No. 1:18-CR-63-L.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE